**9**
**LAW OFFICES OF GABRIEL LIBERMAN, APC**
Gabriel E. Liberman (SBN 303010)
Gabe@4851111.com
1545 River Park Drive, Suite 530
Sacramento, California 95815
Telephone:     (916) 485-1111
Facsimile:     (916) 485-1111

Proposed Attorney for THE MESA LAGUNA RIDGE, LP

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| In re<br><br>**THE MESA LAGUNA RIDGE, LP**<br>*dba THE MESA AT LAGUNA RIDGE*<br><br>Tax ID / EIN: 38-3993725<br><br>Debtor, | Case No. 2025-21744-C-11<br>Chapter 11<br>DCN: GEL-1<br><br>**MOTION TO USE CASH COLLATERAL AND GRANT ADEQUATE PROTECTION; SCHEDULING DEADLINES RELATING TO A FINAL HEARING ON USE OF CASH COLLATERAL**<br><br>Date:     April 21, 2025<br>Time:     9:30 A.M.<br>Location:     501 I Street, 6th floor,<br>                 Courtroom 35, Dept. C<br>                 Sacramento, CA<br><br>Judge:     Honorable Christopher M. Klein |

       THE MESA LAGUNA RIDGE, LP, a California limited partnership, the Debtor and Debtor-in-Possession (the "Debtor") by and through their proposed attorney, Gabriel E. Liberman, respectfully requests an order authorizing it to use "cash collateral" in form of rental income, account receivables, equipment, machinery, tools and materials which may be used to generate post-petition proceeds (the

1

"Cash Collateral"), and grant adequate protection to secured creditor, Construction Loan Services II, LLC, Servicer and agent for Saluda Grade Alternative Mortgage Trust 2021-BC1 ("Construction Loan Services") that may have an interest in the Cash Collateral (the "Motion"), pursuant to Bankruptcy Code §§ 363(c)(2)(A) and 105(a), as well as Rule 4001-1(c) of the Local Rules of Bankruptcy Practice for the Eastern District of California, and respectfully represents as follows:

## I.     Factual Background

1. On April 14, 2025 (the "Petition Date"), Debtor filed its voluntary petition for relief under Chapter[1] 11 of the Bankruptcy Code, thereby commencing the above-captioned case (the "Chapter 11 Case"). A trustee has not been appointed, and no unsecured creditor's committee has been appointed.

2. Debtor is a California limited partnership formed on December 14, 2015, and is solely managed by Ky Hy, an individual with over forty years of real estate development experience.

3. Debtor is a real estate holding and management company and holds title to two real estate properties. Its main asset is commonly known as the Mesa at Laguna Ridge, located at 10371 Bruceville Road, Elk Grove, CA 95757 (the "Mesa Apartments"). The Mesa Apartments is a 55-unit multi-family complex built in 2020 with common area amenities such as a swimming pool, fitness center, clubhouse and outdoor BBQ/lounge area and sits on a 9.19 acre lot. The Mesa Apartments is permitted for 198 units, which would require an additional $44 million to complete the remaining units. The Mesa Apartments was appraised as of March 20, 2025, with a current market value as-is with 55 units at $11,280,000.00. Hypothetical values as if completed and stabilized with 198 units was appraised at $57,300,000.00.

4. The Mesa Apartments is currently 90% occupied (50 units rented and 5 vacancies) with rents

---

[1] All references to "Section" herein shall be to the Bankruptcy Code appearing in Title 11 of the U.S. Code; all references to a "Bankruptcy Rule" shall refer to the Federal Rules of Bankruptcy Procedure; and all references to a "LBR" shall refer to the Local Rules of Practice for the United States Bankruptcy Court for the Eastern District of California

averaging around $2,400.00 per unit. It offers one bedroom, one bathroom units and up to two bedroom, two bathroom units.

5. The Debtor's second real property is a vacant parcel of land, completely separate and apart from the Mesa Apartments which was purchased back in August of 2022 and commonly known as 7321 Elefa Ave, Elk Grove CA 95757 (the "Vacant Lot"). The Vacant Lot is on .24 acres and zoned for residential and has an estimated fair market value of $459,000.00 based on property tax records.

6. In December 2021, Debtor secured financing for the Mesa Apartments with Construction Loan Services to refinance the existing project (Phase 1) and to fund the remaining construction (Phase2) going forward. Phase 2 initially contained 133 units. As Debtor engaged with the governing jurisdiction for project approvals, it became apparent that an adjacent lot had to be acquired to allow ingress/egress to move the project forward. In doing so, Debtor had to acquire the adjacent parcel and added an additional 10 units to the project. In order to maintain the same budget, design changes to the project were also made.

7. On or about February, 2023, Construction Loan Services refused to fund a draw request from Debtor as they indicated the scope of the project changed without their approval. Debtor maintains that changes were required by the local jurisdiction, which were a condition of the loan documents and as a result of Construction Loan Services refusal to continue funding, the project was brought to a halt.

8. On October 19, 2023, Construction Loan Services issued a Notice of Default & Demand Letter to Debtor, contending that Debtor was in default for failing to construct the project in conformance with the plans and specifications as defined in the loan agreement, and for failing to obtain Lender's approval before making changes to the plans and specifications. Debtor denied these allegations and that it kept Construction Loan Services informed throughout the process of Debtor's dealings with the City and the changes to the construction plans.

9. On June 3 2024, a judicial foreclosure action was filed by Construction Loan Services in the Superior Court of California, county of Sacramento, case no. 24CV010933. On July 19, 2024, Debtor and Ky Hy filed a cross-complaint against Constriction Loan Services and alleged two causes of action: (1) breach of contract; and (2) breach of the covenant of good faith and fair dealing, based on the denial to release the additional capital to fund phase 2.

10. On January 21, 2025, Construction Loan Services initiated a non-judicial foreclosure. Before the sale date, Debtor and Construction Loan Services agreed to postpone the sale date in order to negotiate a settlement. On March 19, 2025, the state court approved a *Stipulation for Appointment of Receiver, Stay of Enforcement and Postponement of Non-judicial Foreclosure sale* (the "Stipulation"). The Stipulation provided the parties with additional time to resolve the underline issues and specified the deadline of April 15, 2025, otherwise Construction Loan Services without further notice could request the appointment of a state court receiver and continue with its non-judicial foreclosure sale. Debtor made a final attempt to resolve the dispute without success. As a result, the Debtor filed the instant Chapter 11 Case to stay the foreclosure and protect its assets.

## II. Motion Background

11. In the ordinary course of the business, it will be necessary for Debtor to use its revenue from rents received, account receivables, equipment and other personal property necessary in which various creditors assert a security interest, as discussed below.

12. As relevant to cash collateral issues, Debtor believes that the cash in its operating and savings account, approximately $496,975.65, as of the Petition Date, held in Cathay Bank, account number XXXXX-6665 and XXXXX-8033, are unsecured because no person other than the Debtor and the banking institutions have a control agreement or possession of the accounts. The collateral constituting Cash Collateral is its collectible account receivables of $15,459.00, unencumbered office equipment,

4

1 fixtures and electronics of $5,500, inventory, parts and supplies of $5,000.00, and future rental income
2 and profits from the Mesa Apartments of approximately $120,000 per month.

3    13. This Motion seeks to approve use of Cash Collateral as of the Petition Date. Debtor request that
4 this Court authorize and approve Debtors' use of cash collateral for the payment of the operating
5 expenses as set forth in the budget attached hereto as Exhibit A.

### III.    Security Interests Asserted

14. The following table summarizes the positions of creditors that may assert a lien against Debtor's Cash Collateral:

Table 1:

| No. | Recorded | Creditor | Claim Amount | Proposed Adequate Protection Payment |
|---|---|---|---|---|
| 1 | 12/23/2021 | Construction Loan Services | $24,000,776.18 | $20,000.00 |

15. On or about December 20, 2021, Construction Loan Services and Debtor entered into that certain loan transaction (the "Loan") whereby Debtor agreed to borrow, and Construction Loan Services agreed to loan, specified sums to Debtor, as evidenced by that certain Loan Agreement (Development and Construction) dated on or about December 20, 2021 between Construction Loan Services and Debtor (the "Loan Agreement")..

16. In connection with the Loan, Debtor made, executed, and delivered that certain Construction Promissory Note (the "Note") on or about December 20, 2021, wherein Debtor agreed to repay the Loan in the principal amount of $35,999,061.14, plus interest, on the terms and conditions stated therein. To secure its obligations to Construction Loan Services under the Loan Agreement and the Note, Debtor executed and delivered that certain Construction Deed of Trust, Assignment of Leases and Rents, Security Agreement, Assignment of Contracts and Plans, and Fixture Filing, which was

recorded on December 23, 2021, in the Official Records of Sacramento County, California, as Document No. 202112230714, and any and all assignments thereto, including without limitation that certain Assignment of Deed of Trust executed by Construction Loan Services in favor of Builders Capital Securitization 1 LLC, dated February 22, 2024, and recorded in the Official Records of Sacramento County, California, on March 14, 2024 and March 26, 2024 as Document Nos. 202403140395 and 202403260573 and that certain Assignment of Deed of Trust, executed by Builders Capital Securitization 1 LLC in favor of Saluda Grade Alternative Mortgage Trust 2021-BC1, dated February 22, 2024, and recorded in the Official Records of Sacramento County, California, on March 14, 2024 and March 26, 2024 as Document Nos. 202403140759 and 202403260797 (collectively, the "Deed of Trust") wherein Debtor pledged all of its right, title and interest in the Property and all other property described therein.

17. The Debtor believes Construction Loan Services has a balance of $24,000,776.18 as of Petition Date. No proof of claim has been filed as of preparing this Motion.

## IV. **Relief Requested**

18. Debtor will be proposing a plan of reorganization but cannot determine with certainty the timetable for filing his plan of reorganization. Debtor seeks authorization to use Cash Collateral from the Petition Date through October 31, 2025. However, in order to avoid immediate and irreparable harm, pending a final hearing on the Motion, Debtor requests interim authorization to use Cash Collateral from the Petition Date through May 30, 2025, with a 15% variance as set forth in the budget attached as **Exhibit "A"** (the "Interim Budget" or "Interim Period") to the Declaration of Mowe Hy in support of the Motion. In the Interim Budget, Debtor requests interim authorization use up to $241,374.00.

19. The Interim Period excludes salary payments and management fees to Debtor's insider as follows:

6

Table 2:

| Name | Relationship to Debtor | Position | Monthly Gross Salary/Payment | Other Benefits |
|---|---|---|---|---|
| Mowe Hy | Son of general partner, Ky Hy | General Manager | $6,000.00 | None. |
| Mowe Hy | Son of general partner, Ky Hy | Property Management Fee | 5% of gross rental revenue. *Est. $6,288 based on $125,750 revenue* | None. |
| Teresa Woo | Spouse of Mowe Hy | Property Manager | $4,800.00 | None. |

20. For these and the other reasons discussed below, the Debtor is requesting entry of an order approving the Cash Collateral Motion and to enter an order substantially the same form and substance as the proposed form of order attached hereto as **Exhibit "B"** (the "Interim Order").

21. Bankruptcy Rule 4001(b)(2) allows the Court to conduct a preliminary hearing on a motion for authority to use cash collateral on less than fourteen (14) days' notice and to authorize use of cash collateral if necessary to avoid irreparable harm to the estate pending a final hearing. Fed. R. Bankr. Proc. 4001(b)(2). The Debtor is not providing fourteen (14) days' notice and argues that it must continue to pay employees, vendors and a host of other obligations necessary to their business operations. The ability to continue business operations is essential to the Debtor's ability to preserve the value of the Debtors business and its relations with their customers.

**V.  Adequate Protection Offered by Debtor**

22. Debtor will provide Construction Loan Services with adequate protection by:

   a. <u>Replacement Lien</u>. Pursuant to Bankruptcy Code sections 361, and 363(e) and except as to otherwise validly perfected and unavoidable liens existing as of the Petition Date, Debtor grants Construction Loan Services a replacement security interest and lien in the prepetition and postpetition assets of the Debtor to the same extent and priority granted

Construction Loan Services pursuant to the Prepetition Loan Documents (the "Adequate Protection Replacement Lien"). The Adequate Protection Replacement Lien shall be automatically perfected without the need for any additional filings or notices.

For the avoidance of doubt, nothing in this Interim Order shall encumber any causes of action available under Chapter 5 of the Bankruptcy Code.

b. Monthly Payments: Debtor shall pay the Construction Loan Services starting April 2025 of $20,000.00 monthly payments.

### VI.　Compliance with Local Rule 4001-1(c)

23. The Debtor makes the following disclosures in accordance with Local Rule 4001-1(c) regarding the relief requested in this Motion:

Table 3:

| Sub. | Type of Provision | Requested Relief? |
|---|---|---|
| A | Cross-Collateralization | No |
| B | Binding Findings of Fact by Parties | No |
| C | Binding Findings of Fact against Non-Parties | No |
| D | Waivers of 11 U.S.C. § 506(c) | No |
| E | Limitations on Debtor's Rights in Chapter 11 | No |
| F | Releases of Secured Creditor Liability for Torts or Breaches | No |
| G | Waivers of Avoidance Actions | No |
| H | Automatic Relief from the Automatic Stay upon Default | No |
| I | Waivers of the Procedural Requirements for Foreclosure | No |
| J | Adequate Protection Provisions that Create Liens on Claims | No |
| K | Waiver of the Debtor's Right to Seek Non-Consensual C. Coll. | No |
| L | Findings of Fact on Matters Extraneous to the Approval Process | No |

# VII. Prayer for Relief

24. Accordingly, the Debtor submits that they would suffer irreparable harm to their business operations if not permitted immediate use of cash collateral, and so they request that the Court approve use of the foregoing amounts on an interim basis. The Motion also requests that at the initial hearing the Court schedule a further hearing on to consider final approval of the Cash Collateral Motion, the grant of adequate protection to Construction Loan Services, and any further proceedings concerning the grant of final authority to use cash collateral.

**WHEREFOR**E, Debtor prays for an order:

1. Authorizing interim cash collateral use starting on the Petition Date and continuing through May 30, 2025 in the total amount as set forth in the Budget attached as Exhibit A with a 15% variance;
2. Scheduling a hearing for final approval of the Cash Collateral;
3. Granting adequate protection to Construction Loan Services in the form of replacement liens and monthly adequate protection payments; and
4. For such other and further relief as is just and proper.

Dated: April 16, 2025

                                              LAW OFFICES OF GABRIEL E. LIBERMAN, APC

                        By:    */s/* Gabriel E. Liberman
                                   Gabriel E. Liberman
                                   Proposed Attorney for Debtor-in-Possession