**5**

**LAW OFFICES OF GABRIEL LIBERMAN, APC**
Gabriel E. Liberman (SBN 303010)
Gabe@4851111.com
1545 River Park Drive, Suite 530
Sacramento, California 95815
Telephone:    (916) 485-1111
Facsimile:    (916) 485-1111

Proposed Attorney for THE MESA LAGUNA RIDGE, LP

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| In re | Case No. 2025-21744-C-11 |
| | DCN:   GEL-2 |
| **THE MESA LAGUNA RIDGE, LP** | |
| *dba* THE MESA AT LAGUNA RIDGE | **EXPARTE APPLICATION OF DEBTOR AND PROPOSED DEBTOR IN POSSESSION TO EMPLOY GABRIEL E. LIBERMAN AS BANKRUPTCY COUNSEL** |
| Tax ID / EIN: 38-3993725 | |
| | NO HEARING REQUESTED |
| Debtor, | |
| | Judge:      Honorable Christopher M. Klein |

THE MESA LAGUNA RIDGE, LP, a California limited partnership, the Debtor and Debtor-in-Possession (the "Debtor"), respectfully requests the Court to approve this Application of Debtor to Employ Gabriel E. Liberman of the Law Offices of Gabriel Liberman, APC ("THE FIRM") as its Bankruptcy Counsel as of the Petition Date, April 14, 2025. This application (the "Application") is made and based upon the memorandum of points and authorities provided herein and the Declaration of Gabriel E. Liberman, which have been filed concurrently herewith, as well as the papers and pleadings on file herein, judicial notice of which is respectfully requested, and any argument of counsel entertained by the Court at the time of the hearing of the Application.

1

## I.  INTRODUCTION

1.    On April 14, 2025 (the "Petition Date"), Debtor filed its Voluntary Chapter 11 petition for relief under Chapter[1] 11 of the Bankruptcy Code, thereby commencing the above-captioned case (the "Chapter 11 Case"). See ECF No. 1.

2.    This Application seeks to Employ THE FIRM as of the Petition Date.

## II.  JURISDICTION AND VENUE

3.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1134. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

4.    The statutory basis for the relief sought herein arises from Sections 327, 328, 1107 and 1108 of the Bankruptcy Code, and Bankruptcy Rule 2014.

5.    Venue of the Debtor's Chapter 11 Case in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6.    This Application is a "core proceeding" which the court has jurisdiction to decide pursuant to pursuant to 28 U.S.C. § 157(b)(2)(A).

## III.  RELIEF REQUESTED

7.    Debtor seeks Court approval pursuant to Section 327(a) of the Bankruptcy Code to employ and retain THE FIRM, as its counsel in connection with the commencement and prosecution of this Chapter 11 Case as of the Petition Date. Pursuant to Sections 328(a), 330, and 331 of the Bankruptcy Code, Debtor, as debtor-in-possession, requests that the Court approve the retention and compensation of THE FIRM as its attorneys, to perform the services that will be necessary during its Chapter 11 Case in

---

[1] All references to "Section" herein shall be to the Bankruptcy Code appearing in Title 11 of the U.S. Code; all references to a "Bankruptcy Rule" shall refer to the Federal Rules of Bankruptcy Procedure; and all references to a "LBR" shall refer to the Local Rules of Practice for the United States Bankruptcy Court for the Eastern District of California

accordance with THE FIRM's normal hourly rates in effect when the services are rendered and normal reimbursement policies.

## IV. <u>RETENTION</u>

8.      Debtor has selected THE FIRM as local counsel because of the firm's experience in the field of bankruptcy and business reorganizations under Chapter 11 of the Bankruptcy Code in the Eastern District of California. <u>See</u> Liberman Declaration.

9.      The terms of THE FIRM's retention are set forth in the Legal Representation Agreement (the "<u>Retainer Agreement</u>") attached to the exhibit supplement in support of the Applications as **Exhibit "A**." The Retainer Agreement allows for a retainer, and that such retainer may be adjusted at any time. The Retainer Agreement further provides hourly rates and charges. <u>See</u> <u>id</u>.

## V. <u>SCOPE OF SERVICES</u>

10.     The services of THE FIRM under a general retainer are appropriate and necessary to enable Debtor to execute its duties as debtor and debtor-in-possession faithfully and to implement the restructuring and reorganization of the Debtor. Subject to further order of this Court, it is proposed that THE FIRM be employed to perform the services of counsel for Debtor. <u>See</u> <u>id.</u>

## VI. <u>DISINTERESTEDNESS</u>

11.     To the best of THE FIRM's knowledge, neither THE FIRM, Gabriel Liberman nor any of its associates have any present or prior connection with Debtor, or Debtor's creditors, or other parties-in-interest. To the best of THE FIRM's knowledge, THE FIRM and its associates do not hold or represent any interest adverse to Debtor's estate and THE FIRM and its associates are disinterested persons within the meaning of Sections 101(14) and 327 of the Bankruptcy Code, as modified by Section 1107(b). Additionally, THE FIRM does not have any connection with the Office of the United States Trustee or any persons employed in the Office of the United States Trustee. THE FIRM's representation of Debtor will not be adverse to Debtor's estate. <u>See</u> <u>id</u>.

12.     Prior to commencing representation of Debtor, Debtor disclosed to THE FIRM its creditors, potential creditors, and other parties in interest to enable THE FIRM to determine any prior or present representation of any creditors or parties-in-interest. From such initial review, up to and including the preparation of this Application, THE FIRM has continued to review the information provided by Debtor to determine any previous or present representations of creditors or parties-in-interest. At each stage in the process, THE FIRM has disclosed to Debtor all such previous or present representations. See id.

13.     THE FIRM will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise, and if any new relevant facts or relationships are discovered, THE FIRM will supplement its disclosure to the Court. See id.

## VII.  COMPENSATION

14.     Pre-petition, Debtor paid THE FIRM the sum of $60,000.00 for a retainer for legal services rendered in connection with its restructuring. The source of these funds was from the Debtor. THE FIRM received the retainer over three wire transfer deposits from the Debtor as follows: 1) $5,000 on February 11, 2025; 2) $20,000 on March 17, 2025; and 3) $35,000 on April 10, 2025.

15.     Pre-petition costs and fees totaled $22,860.50, inclusive of the $1,738 chapter 11 filing fee. THE FIRM is currently holding the balance of retainer in the sum of $37,139.50 in its client-trust account.

16.     The compensation of THE FIRM's attorneys and paraprofessionals are proposed at varying rates, currently $150 per hour for paraprofessionals, $425.00 per hour for Gabriel E. Liberman, as provided for in the Retainer Agreement, and all subject to application and approval by this Court pursuant to Sections 330 and 331 of the Bankruptcy Code. THE FIRM respectfully submits that such rates are reasonable in light of the quality of the services being provided and the specialized nature of the services being provided. Additionally, THE FIRM's rates are consistent with the market. THE FIRM will also seek

reimbursement of its expenses pursuant to its policies set forth in the Retainer Agreement, which generally involve passing through all properly reimbursable expenses to the client. See id.

18.    Debtor understands that THE FIRM hereafter intends to apply to the Court for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, including, but not limited to Sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Guidelines for Professional Compensation established by the Office of the United States Trustee, and further orders of this Court, for all services performed and expenses incurred after the Petition Date. It is further contemplated that THE FIRM may seek interim compensation during this case as permitted by Section 331 of the Bankruptcy Code and Bankruptcy Rule 2016. THE FIRM understands that its compensation is subject to prior Court approval. See id.

## VIII.  CONCLUSION

WHEREFORE, Debtor respectfully request entry of an order authorizing the employment of THE FIRM as Debtor's attorneys to render the legal services described herein, with compensation and reimbursement of expenses to be paid as an administrative expense in such amounts as may be allowed by the Court, pursuant to the provisions of Sections 330 and 331 of the Bankruptcy Code. Debtor further request that such approval be granted retroactive to the Petition Date. Debtor additionally request such other and further relief as is just and proper.


Dated: April 28, 2025                          LAW OFFICES OF GABRIEL E. LIBERMAN, APC

                                               By:      /s/ Gabriel E. Liberman
                                                        Gabriel E. Liberman
                                                        Proposed Attorney for Debtor