**5**
**LAW OFFICES OF GABRIEL LIBERMAN, APC**
Gabriel E. Liberman (SBN 303010)
Gabe@4851111.com
1545 River Park Drive, Suite 530
Sacramento, California 95815
Telephone:   (916) 485-1111
Facsimile:    (916) 485-1111

Proposed Attorney for THE MESA LAGUNA RIDGE, LP

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

In re

**THE MESA LAGUNA RIDGE, LP**
*dba THE MESA AT LAGUNA RIDGE*

Tax ID / EIN: 38-3993725

Debtor,

Case No. 2025-21744-C-11
Chapter 11
DCN: GEL-1

**DECLARATION OF MOWE HY IN SUPPORT OF SUPPLEMENT TO MOTION TO USE CASH COLLATERAL AND GRANT ADEQUATE PROTECTION**

Date:      May 28, 2025
Time:      11:00 A.M.
Location:  501 I Street, 6th floor,
           Courtroom 35, Dept. C
           Sacramento, CA

Judge:     Honorable Christopher M. Klein

I, MOWE HY hereby declare as follows:

1. I am over the age of 18 and am mentally competent and I make this declaration regarding

   *Debtor's*

*Supplement to the Motion To Use Cash Collateral And Grant Adequate Protection; Scheduling*

*Deadlines Relating To A Final Hearing On Use Of Cash Collateral.*

1

2. I am the general manager and designated representative of THE MESA LAGUNA RIDGE, LP a California limited partnership, the debtor in possession (the "Debtor").

3. In my capacity as Debtor's general manager, I am familiar with Debtor's daily business, operations, and financial affairs. Except as otherwise indicated, all of the facts set forth in this Declaration are based upon my personal knowledge of Debtor's operations and finances, information learned from my review of relevant documents, and information supplied to me by other members of Debtor's management and Debtor's business and legal advisors. If called upon to testify as to the content of this Declaration, I could and would do so.

4. On April 21, 2025, I assisted the Debtor in completing the balance of its schedules, statement of financial affairs and related deficient documents, which were then filed by our counsel.

5. On April 18, 2025, Construction Loan Services, filed its opposition to Debtor's Motion related to its security interest held by a first deed of trust with assignment of rents against the Mesa Apartments property. The objection was based on two primary arguments, subject to further briefing by Construction Loan Services, which has not come due as of filing this Supplement, and are as follows:

    a. Debtor's proposed adequate protection payments do not adequately protect Lender's security interest in the Personal Property;

    b. The proposed replacement lien fails to adequately protect Lender's security interest because Debtor has provided no information regarding Debtor's post-petition assets and Debtor has not provided prior financial records to show historical performance with respect to collection of rents; and

    c. Debtor's pre-petition cash is subject to the Cash Collateral.

## Issue One - Adequate Protection Payment and Duration

6. Debtor initially proposed an adequate protection payment of $20,000 to Construction Loan Services for the six (6) month period. Debtor has agreed to increase this payment to $75,000 starting June 1, 2025. A true and accurate copy of the amended budget is attached hereto as **Exhibit A**.

7. Debtor further modifies its Motion by reducing the requested period from six (6) period through October 31, 2025 to July 31, 2025. By shortening the requested time, Debtor believes it has reduced further risk to Construction Loan Services.

8. The current status of construction to complete phase 2 has slowed since Construction Loan Services stopped funding the project. Debtor has slowed the project down but has followed through and kept the process active to avoid prior approvals expiring. Prior to the filing of this case, Debtor was approximately 2 weeks from getting approval from the local water agency, which was essentially the last agency that it needed approvals from. The City of Elk Grove would require pre-petition due and deposits to be paid before they would continue monitoring and approving the next phase. Debtor estimates it is 30-60 days from receiving final approvals, assuming no changes to its prior approved plan would be required.

9. The Mesa Apartments was appraised as of March 20, 2025, with a current market value as-is with 55 units at $11,280,000.00. Hypothetical values as if completed and stabilized with 198 units was appraised at $57,300,000.00. A copy of the unauthenticated appraisal report is attached hereto as **Exhibit B.**

## **Issue Two – Replacement Lien**

10. As part of the initial Motion, Debtor disclosed the following assets as "cash collateral"

subject to a replacement lien secure Construction Loan Services; collectible account receivables of $15,459.00, unencumbered office equipment, fixtures and electronics of $5,500, inventory, parts and supplies of $5,000.00, and future rental income and profits from the Mesa Apartments of approximately $120,000 per month.

11. Now having filed the balance of schedules, two additional assets not subject to creditor liens (e.g. equipment financing lien against fitness equipment); 1) petty cash: $1,000 and 2) a refundable deposit held by Southwest Private Investments[1] for $58,500.00.

12. Debtor has also provided financial records requested by Construction Loan Services, which shows Debtor's occupancy rate averaging 93%, or less than 5 vacant units of its available 55. For the one year period preceding the filing of the case, March 2024 through March 2025, Debtor's gross rental income was $1,483,130 or $123,594 per month**.** The average rent is approximately $2,400 and at 100% occupancy, the maximum gross rental income would yield $132,000 a month [$2,400 <u>times</u> 55). Taking the average of $123,594 <u>divided</u> by $132,000 equals 93%. Thus, over the 12 months preceding the filing of this case, Debtor's average occupancy has been stable at 93%. A true and accurate copy of Debtor's profit and loss from March 2024 through March 2025 is attached hereto as **Exhibit C.**

13. Construction Loan Services had also requested rent rolls for the Mesa Apartments for the prior twelve months which are attached as **Exhibit D.**

### Issue Three - Cash in Debtor's Bank Account are Not Cash Collateral

14. As of the Petition Date, Debtor was holding approximately $496,976 in two depository

---

[1] As listed in Schedule B: Refundable Loan Deposit held by Southwest Private Investments, LLC for expenses associated with financing the completion of the Mesa at Laguna Ridge apartment project, including but not limited to obtaining appraisals, document preparation and funding.

4

accounts at Cathay Bank, checking account number XXXXX-6665 and savings account number XXXXX-8033. Debtor was the sole name listed on both depository accounts. A true and accurate copy of the Cathay Bank statements is attached hereto as **Exhibit E**.

15. I am not aware or have ever received notification that Construction Loan Services and Cathay bank entered into any contractual agreement or controlling agreement related to the two bank accounts.

I declare under penalty of perjury of the laws of the United States that these facts are true to the best of my knowledge and belief.

DATED this 21st day of May 2025

                                        By:     /s/ Mowe Hy  
                                                   MOWE HY  
                                                   General Manager and Representative of Debtor