**3**

**LAW OFFICES OF GABRIEL LIBERMAN, APC**
Gabriel E. Liberman (SBN 303010)
Gabe@4851111.com
1545 River Park Drive, Suite 530
Sacramento, California 95815
Telephone:     (916) 485-1111
Facsimile:     (916) 485-1111

Proposed Attorney for THE MESA LAGUNA RIDGE,
LP

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| In re<br><br>**THE MESA LAGUNA RIDGE, LP**<br>*dba* THE MESA AT LAGUNA RIDGE<br><br>Tax ID / EIN: 38-3993725<br><br><br>Debtor, | Case No. 2025-21744-C-11<br>DCN:   GEL-2<br><br>**ORDER ON EXPARTE APPLICATION OF DEBTOR AND PROPOSED DEBTOR IN POSSESSION TO EMPLOY GABRIEL E. LIBERMAN AS BANKRUPTCY COUNSEL**<br><br>NO HEARING REQUESTED<br><br>Judge:     Honorable Christopher M. Klein |

On April 28, 2025, THE MESA LAGUNA RIDGE, LP, a California limited partnership the Debtor and Debtor-in-Possession (the "Debtor"), filed an application to employ Gabriel E. Liberman of the Law Offices of Gabriel Liberman, APC ("THE FIRM") as its Bankruptcy Counsel to Debtor as debtor-in-possession pursuant to 11 U.S.C. § 327. Based upon the application, the record, and the verified statement required by Bankruptcy Rule 2014(a), it appears that THE FIRM is eligible to be employed as of the Petition Date of April 14, 2025.

IT IS ORDERED that the debtor in possession is authorized to retain THE FIRM, as its Bankruptcy Counsel, subject to the following reasonable terms and conditions pursuant to 11 U.S.C. § 328(a):

1

1. No compensation is permitted except upon court order following application pursuant to 11 USC § 330(a);

2. Compensation will be at the "lodestar rate" applicable at the time that services are rendered in accordance with the Ninth Circuit decision in In re Manoa Finance Co., 853 F.2d 687 (9th Cir. 1988). No hourly rate, fee arrangement, retainer agreement, or fee contract referred to in the application papers is approved.

3. This approval of employment is retroactive for a period of 30 days from the date the employment application was filed or April 14, 2025. If compensation and reimbursement of expenses is sought for a prior period, the showing required by In re THC Financial, 837 F.2d 389 (9th Cir. 1988), shall be made in a subsequent motion for fees.

4. All funds received in connection with this matter, regardless of whether they are denominated a retainer or are said to be non-refundable, are deemed to be an advance payment of fees and to be property of the estate or the person paying the funds.

5. Funds that are deemed to constitute an advance payment of fees shall be maintained in a trust account maintained in an authorized depository, which account may be either a separate interest-bearing account or a trust account containing commingled funds. Withdrawals are permitted only after approval of an application for compensation and after the court issues an order authorizing disbursement of a specific amount.

6. Absent an order to the contrary, applications for interim compensation may be made once every 120 days. All interim fee awards are subject to disgorgement pending a final fee application.

7. Fees and costs awarded on an interim basis are subject to disgorgement for good cause if such fees and costs are not awarded in connection with a final fee application filed and heard at the conclusion of the case.

8. Nothing contained herein shall be construed to approve any provision of any agreement between THE FIRM and the debtor in possession for indemnification, arbitration, choice of venue, jurisdiction, jury waiver, limitation of damages, or similar provision.

BY THE COURT

Dated: June 02, 2025

_____
United States Bankruptcy Judge