Amari Davison
10371 Bruceville Road Unit 224
Elk Grove, CA
209-457-0463
davisonamari@gmail.com

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re

**THE MESA LAGUNA RIDGE, LP**

*dba THE MESA LAGUNA RIDGE*

Tax ID/EIN: 38-3993725

Case No.: 2025-21744-C-11

DCN: ADD-1

Date: July 14, 2026

Time: 11:00 A.M.

Location: 501 I Street, 6th Floor
Courtroom 35
Sacramento, CA

**SUPPLEMENTAL STATEMENT IN SUPPORT OF CONVERSION TO CHAPTER 7**

I respectfully request that the Court convert this case to Chapter 7 rather than dismiss it. My request is not based on speculation alone, but on specific facts appearing in the bankruptcy record and in publicly filed court and property records that suggest further investigation may benefit creditors.

It has been indicated that dismissal may be appropriate because the secured creditor has liens on the debtor's principal assets. However, liens on assets do not eliminate the possibility that the bankruptcy estate may possess causes of action, avoidance claims, insider claims, breach of fiduciary duty claims, fraudulent transfer claims, or other recoverable assets. Those matters can only be evaluated through the investigative authority of a Chapter 7 trustee.

The purpose of conversion is not to determine that recoverable assets necessarily exist. Rather, it is to permit a neutral fiduciary to independently investigate whether assets, transfers, claims, or other estate property may be available for the benefit of creditors.

**1. Multiple Insider Transactions**

The debtor's own Statement of Financial Affairs discloses substantial payments to insiders and related parties shortly before bankruptcy, including payments to Mowe Hy, Howard Hy, members of the Woo family, and related entities.

The debtor's bank records likewise reflect significant payments to insiders immediately before the bankruptcy filing. Whether those payments represented legitimate compensation, loan repayments, management fees, reimbursements, or recoverable transfers is a determination that should be made by an independent Chapter 7 trustee.

The Statement of Financial Affairs specifically discloses a **$49,250** payment to insider Mowe Hy for management fees. However, the debtor's bank records also reflect a separate payment of approximately **$135,869.61** to Mowe Hy on the following day. I have not located a corresponding disclosure identifying the purpose of that separate payment in the Statement of Financial Affairs.

I do not ask the Court to conclude that the payment was improper. Rather, I respectfully submit that an independent Chapter 7 trustee should determine the purpose of that payment, whether it was properly disclosed, whether it represented reasonably equivalent value, and whether any recovery may be available for creditors.

The Statement of Financial Affairs also reflects substantial payments to Howard Hy for **"Phase 2 construction oversight."** Evidently, the property that belongs/belonged to Elizabeth Manzo Living Trust remains in place where Phase 2 was once supposed to be. Based upon my observations of the project and publicly available information, Phase 2 was never constructed, and no apparent site development ever occurred. Whether those payments represented reasonable compensation supported by documentation is another issue appropriately evaluated by a Chapter 7 trustee.

The Statement of Financial Affairs further reflects payments exceeding **$42,000** to the Woo Family Trust. The debtor's bank records also reflect an additional **$10,000** payment to the Woo Family Trust shortly before the bankruptcy petition was filed. I have not located documentation explaining the purpose of that payment. Notably, these payments as well as others to certain insiders ceased shortly after the bankruptcy filing. Because these payments involved an insider family trust, I respectfully submit that they warrant review by an independent Chapter 7 trustee.

Taken together, these insider payments involve multiple insiders, significant sums of money, and related-party transactions occurring shortly before the bankruptcy filing. Whether these payments were appropriate, properly documented, or recoverable is precisely the type of inquiry entrusted to a Chapter 7 trustee.

**2. Affiliated Entities and Prior Project Litigation**

Public court records demonstrate that multiple insider-affiliated entities were involved in or connected with the Mesa Laguna Ridge development project, including:

- Catalyst Property Development, LLC;
- Hy Construction Co.;
- Hy Development, Inc.; and
- The Mesa Laguna Ridge, L.P.

The litigation also identified Mowe Hy and other individuals associated with the development. Earlier litigation concerning the project identified Catalyst Property Development as serving as the general partner involved in developing the project together with Mesa Laguna Ridge and the affiliated Hy entities.

These records demonstrate that the Mesa Laguna Ridge development did not operate through the debtor alone. Instead, multiple related entities appear to have participated in the development, construction, management, or financing of the project.

The same litigation also reflects that significant financial disputes arose long before the bankruptcy filing. Public court records show that:

- mechanic's lien claims were asserted in connection with unpaid construction work;
- Mesa Laguna Ridge acknowledged the existence of a recorded mechanic's lien;
- a Release of Lien Bond exceeding approximately $87,000 was obtained to remove the lien from the property; and
- Ky Hy personally verified the debtor's answer under penalty of perjury.

The involvement of multiple affiliated entities, together with the existence of unpaid construction claims and mechanic's lien disputes, raises legitimate questions concerning which entity incurred particular project expenses, which entity received project funds, how responsibilities were divided, and whether any intercompany

transfers or claims exist. Its relationship to individuals connected with the debtor is relevant to understanding the broader network of related entities and financial relationships.

I am not asking the Court to determine that any of these entities engaged in misconduct or that any particular transaction was improper. Rather, I respectfully submit that the combination of multiple insider-affiliated entities, substantial payment disputes, mechanic's liens, and related-party transactions supports investigation by an independent Chapter 7 trustee.

A Chapter 7 trustee would be positioned to examine:

- the financial relationships among the affiliated entities;
- the allocation of project expenses and construction costs;
- transfers between the debtor and related entities;
- whether the debtor possesses claims against any affiliated entity;
- whether any entity received estate funds without providing reasonably equivalent value; and
- whether any causes of action or recoverable assets exist for the benefit of creditors.

**3. Property Transfers and Real Estate Transactions Involving Controlling Insiders**

Publicly recorded Sacramento County property records show that Ky Hy and Anh Ha Hy transferred certain real property into the Hy Family Trust shortly before the commencement of this Chapter 11 case. Additional recorded affidavits were later recorded modifying trustee authority over those trust assets.

Public records further reflect that the Hy Family Trust owns the real property located at 10500 Wilton Road, Elk Grove, California, which was acquired in approximately July 2022. Public real estate listing records further indicate that the property was subsequently listed for sale for approximately $1.18 million shortly after the United States Trustee filed the pending motion seeking dismissal or conversion of this Chapter 11 case.

I do not contend that the Wilton Road property belongs to the bankruptcy estate or that listing the property for sale was improper. Rather, I respectfully submit that the existence of this significant trust-owned asset, together with the numerous insider transactions, affiliated entities, and related-party dealings reflected elsewhere in the record, supports the appointment of an independent Chapter 7 trustee to investigate the financial relationships among the debtor and its controlling insiders.

I also have personal knowledge concerning another real estate transaction involving the debtor's controlling insiders. Teresa Woo and members of her family resided immediately next door to me at Mesa Laguna Ridge for a significant period before moving out. In approximately February 2025, Ms. Woo personally told me that they had purchased a home located approximately five minutes away from Mesa Laguna Ridge.

When I later reviewed publicly recorded Sacramento County property records, I found that the residence matching that description, located at 10229 W. Solvita Way, Elk Grove, California, had been purchased on or about January 27, 2025, for approximately $595,000. The recorded grant deed reflects title in the names of Maggie Woo, rather than debtor's representatives Teresa Woo or Mowe Hy.

The purchase of the Solvita Way property, the ownership of the Wilton Road property by the Hy Family Trust, the existence of multiple insider trusts and affiliated entities, and the insider transactions disclosed in this bankruptcy case collectively demonstrate an interconnected network of financial relationships that has not been independently investigated.

I do not contend that either the Wilton Road property or the Solvita Way property belongs to the bankruptcy estate, nor do I ask the Court to conclude that any of these transactions were improper. Rather, I respectfully submit that these transactions, considered together with the debtor's disclosed insider payments, affiliated entities, family trusts, and related-party transactions, support the appointment of an independent Chapter 7 trustee to determine whether any transfers, causes of action, avoidance claims, or other recoverable assets exist for the benefit of creditors.

Additionally, based upon my own observations while residing at Mesa Laguna Ridge, even after Teresa Woo and her family moved from Unit 223, members of the family continued utilizing garages at the property for a long period of time. While I cannot state what, if anything, remains stored there today, a Chapter 7 trustee would have authority to determine whether any business records, equipment, or other estate property remains under the debtor's control.

**5. Estate Assets and Potential Claims**

The debtor's schedules, Statement of Financial Affairs, monthly operating reports, and other filings identify numerous matters that may warrant investigation by an independent Chapter 7 trustee, including:

- insider compensation;
- related-party transactions;

- project expenditures;
- refundable deposits;
- accounts receivable;
- litigation claims;
- avoidance actions;
- potential preference claims;
- potential fraudulent transfer claims; and
- other potential causes of action that may belong to the bankruptcy estate.

The debtor's schedules also identify a **refundable financing deposit of approximately $58,500**; a pending litigation claim against **Construction Loan Services** that was assigned no present value by the debtor, and substantial cash and cash equivalents reported at the commencement of this case.

Whether these assets, claims, or causes of action ultimately possess value is precisely the determination Congress entrusted to a Chapter 7 trustee. Their existence further demonstrates why dismissal would prematurely terminate the estate before an independent fiduciary could determine whether value may be recovered for creditors.

In addition, the debtor's schedules, Statement of Financial Affairs, bank records, and publicly filed court records collectively present a pattern of insider transactions, affiliated entities, trust ownership, and related-party dealings that has never been independently examined by a Chapter 7 trustee.

**6. Independent Investigation Is the Purpose of Conversion**

I recognize that I am not asking the Court to determine today that any particular transfer was improper, that any insider committed misconduct, or that any specific asset necessarily belongs to the bankruptcy estate.

Rather, I respectfully submit that the record contains numerous objective facts warranting independent investigation, including:

- substantial insider payments disclosed in the Statement of Financial Affairs;
- additional payments reflected in the debtor's bank records;

- payments to insiders for Phase 2 construction oversight where, to my knowledge, Phase 2 was never constructed;
- payments to the Woo Family Trust shortly before bankruptcy;
- multiple insider-affiliated entities connected to the Mesa Laguna Ridge development project;
- trust-owned real property and other insider real estate transactions;
- litigation involving affiliated entities connected with the development;
- a refundable financing deposit;
- pending litigation claims;
- substantial cash reported at the commencement of the case; and
- other potential estate assets and causes of action identified throughout the debtor's bankruptcy filings.

Standing alone, any one of these matters may ultimately prove to have little or no value. Considered together, however, they establish that there are sufficient objective facts to warrant review by an independent fiduciary before the estate is dismissed.

The purpose of Chapter 7 conversion is to permit a neutral trustee to determine whether avoidance actions, insider claims, breach of fiduciary duty claims, fraudulent transfer claims, preference claims, recoverable assets, or other estate causes of action exist. If the case is dismissed, that independent investigation ends before it can begin.

**Conclusion**

I respectfully submit that dismissal would terminate the bankruptcy estate before an independent fiduciary has the opportunity to determine whether recoverable assets, estate claims, or other causes of action exist.

Conversion to Chapter 7 would permit a neutral trustee to:

- examine insider transactions;
- investigate relationships among affiliated entities;
- review transfers involving insiders and insider-controlled entities;
- evaluate potential avoidance, preference, and fraudulent transfer claims;
- investigate insider compensation;
- examine litigation claims and project expenditures;

- determine whether refundable deposits or accounts receivable have value;
- investigate the debtor's disclosed assets and financial relationships; and
- determine whether additional assets may be recovered for the benefit of creditors.

If no recoverable assets exist, a Chapter 7 trustee can report that conclusion after conducting an independent investigation. If recoverable assets or causes of action do exist, conversion will preserve the opportunity for those assets to be administered for the benefit of creditors rather than terminating the estate through dismissal.

The record before the Court contains more than mere speculation. The debtor's own schedules, Statement of Financial Affairs, monthly operating reports, bank records, publicly recorded property documents, and publicly filed court records collectively identify numerous insider transactions, affiliated entities, trust relationships, litigation claims, and potential estate assets that have not yet been independently investigated.

I respectfully submit that conversion serves the interests of creditors by preserving the opportunity for a neutral Chapter 7 trustee to determine whether any value remains for the estate. Dismissal, by contrast, would foreclose that opportunity before an independent investigation has occurred.

For these reasons, I respectfully request that the Court convert this case to Chapter 7 rather than dismiss it.

Dated this day 9 of July, 2026.

Amari Davison
Interested Party